# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## CIVIL ACTION NO. 3:10CV-369-H

**FORTUNE J. WILLIAMS**                                                      **PLAINTIFF**

**v.**

**KENTUCKY BOARD OF MEDICAL LICENSURE**                       **DEFENDANT**

## MEMORANDUM OPINION

This matter is currently before the Court for preliminary review of the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

## I.

Plaintiff Fortune J. Williams filed a complaint pursuant to 42 U.S.C. § 1983, seeking "Judicial Review of administrative case 806." Plaintiff alleges that the Kentucky Board of Medical Licensure (KBML) unlawfully revoked his medical license "under the Kentucky Administrative Procedure act, The Kentucky Administrative Regulations and the Kentucky Medical Practice Act in Administrative case number 806 in 2004." He maintains that the Kentucky Supreme Court in *Fortune Williams v. Commonwealth of Kentucky*, 2003-SC-00319-MR, "opined, in December 2006, that the evidence seized by KBML agents for case 2002-CR-0029 was in violation of the Fourth Amendment of the Constitution of the United States and a new discovery." Plaintiff contends that the same evidence seized in criminal action 2002-CR-0029 was used in the KBML administrative case number 806 leading to the final order of revocation of his Kentucky medical license in 2004. He, therefore, argues that the use of the

evidence in administrative case number 806 was a violation of the Fourth Amendment to the U.S. Constitution and Section 10 of the Kentucky Constitution.

Plaintiff claims that Defendant KBML violated "Section 2 of the Kentucky Constitution under color of KRS 13A and KRS 13B while using KRS 13B.140(1) as a pretext to override the Constitution of the United States and the Truth in Sentencing Laws of Kentucky while in full knowledge of the truth in administrative case no. 806." That is, Plaintiff argues that "KBML was under the command and control of Kentucky Law enforcement in regards to Case no 806 until the *Williams* court decision . . . . This act voids any notion that case 806 was for administrative purposes and was essentially done as a criminal law action." Plaintiff, therefore, argues that KBML's use of KRS 13B.140(1) "is facially unconstitutional and is being used as a tool to override the U.S. Constitution and section 2 of the Kentucky Constitution."

As relief, Plaintiff seeks that the Final Order of Revocation in KBML administrative case no. 806 be vacated and remanded for a new hearing that follows the Kentucky Administrative Procedure Act and all Kentucky case law. He additionally "seeks relief from [four] felony convictions that . . . were used in the final order of revocation." Plaintiff claims that three convictions have been vacated and that only one conviction used in administrative case no. 806 is still pending before the Kentucky Court of Appeals.

## II.

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19

(1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *42 U.S.C. § 1983*

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Supreme Court has also "made clear that the sovereign immunity of the states . . . extends to actions brought against a state by its own citizens." *Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) (quoting *S.J. v. Hamilton County, Ohio*, 374 F.3d 416, 419 (6th Cir. 2004)). The Sixth Circuit has opined that "[a] state is sovereign within the structure of the federal system, and 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Moreover, "[s]overeign immunity applies not only to the states themselves, but also to 'state instrumentalities,'" *S.J. v. Hamilton County, Ohio*, 374 F.3d at 419 (quoting *Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)), and regardless of the relief sought. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).

4

There are essentially three exceptions to the rule cited above: (1) when the state consents to suit; (2) when Congress has abrogated a state's sovereign immunity; and (3) when under the fiction created by *Ex parte Young*, 209 U.S. 123 (1908), a litigant seeks "an injunction ordering prospective relief against a state official in order to prevent future constitutional violations." *See Barton*, 293 F.3d at 948; *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. at 146 (advising that *Ex parte Young* "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"). None of these exceptions exists in this case.

The Kentucky Board of Medical Licensure is a Kentucky agency created by Ky. Rev. Stat. Ann. § 311.530 ("There is hereby created in state government an independent board to be known as the State Board of Medical Licensure which shall exercise all medical and osteopathic licensure functions heretofore exercised by the State Board of Health."). The Kentucky Board of Medical Licensure is, therefore, entitled to sovereign immunity under the Eleventh Amendment. *See Fairley v. Louisiana*, 254 F. App'x 275, 277 (5th Cir. 2007) ("The Eleventh Amendment therefore bars the relief sought against the Board [of Medical Examiners] and the State of Louisiana."); *Emory v. Texas State Bd. of Med. Exam'rs*, 748 F.2d 1023, 1025 (5th Cir. 1984) ("[T]he eleventh amendment bars all relief sought against the Board."); *Tobias v. Arizona Bd. of Med. Exam'rs*, No. 98-16459, 1999 WL 510951, at *1 (9th Cir. July 15, 1999) (finding, in an action against the Medical Board of California and the Arizona Board of Medical Examiners for denying an application for licensure, that district court properly dismissed action on Eleventh Amendment grounds).

For this reason, the § 1983 claims will be dismissed.

### B. State-law claims

Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. § 1367(c)(3); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Further, the Court cannot hear Plaintiff's state-law claims on the basis of diversity jurisdiction under 28 U.S.C. § 1332. That statute provides, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Here, while Plaintiff alleges that he and Defendant are from different states, he fails to allege an amount-in-controversy exceeding $75,000. Consequently, Plaintiff also fails to demonstrate diversity jurisdiction.

For these reasons, the Court will dismiss the state-law claims without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005